| | | |
|---|---|---|
| **THOMAS NIETO, JULIE CANSECO, SQUEEZE HOLDINGS** | * | NO. 2024-C-0595 |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **CCG MSJC, LLC, CONSCIOUS CAPITAL GROWTH, LLC, HEATHER ELROD, CHRISTO DEMETRIADES, MAIN SQUEEZE JUICE HOLDINGS, LLC** | * | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-02710, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

William H. Africk
Kevin C. O'Bryon
O'BRYAN & SCHNABEL, PLC
935 Gravier Street, Suite 900
New Orleans, LA 70112

    COUNSEL FOR RELATOR/APPLICANT

                                  **WRIT GRANTED**
                                **September 20, 2024**

*RDJ*
*JCL*
*NEK*

Relators Thomas Nieto, Julie Canseco, and Squeeze Holdings ("Relators") seek supervisory review of the trial court's September 4, 2024 judgment granting a sixty-day continuance of the *quo warranto* proceeding to give the parties an opportunity to conduct discovery. Relators allege that according to La. C.C.P. arts. 2591 and 3782, the hearing for a *quo warranto* proceeding is to be set within two to ten days after the service of the writ. After reviewing the Relators' application, we grant the Relator's writ.

According to La. C.C.P. art 2591, "[s]ummary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." La. C.C.P. art 2592(6) clarifies that a summary proceeding can be used for a *quo warranto* proceeding. La. C.C.P. art. 3782 states in pertinent part:

> Except as otherwise provided by law, a petition for a writ of … quo warranto shall be assigned for hearing not less than two or more than ten days after the service of the writ; but, upon proper showing, the court may assign the matter for hearing less than two days after the service of the writ.

Relators filed their motion to set *quo warranto* for hearing on August 28, 2024, and it was scheduled to be heard on September 6, 2024. On September 4,

1

2024, the trial court continued the hearing on the writ for *quo warranto* for sixty days. It appears that the trial court interprets La. C.C.P. art. 3782 as instruction to set a hearing date within two to ten days of receiving the writ of *quo warranto*. However, the hearing on the writ does not necessarily need to occur within that time frame. This Court interprets La. C.C.P art. 3782 to mean that a writ of *quo warranto* must be set and heard within two to ten days of receiving the writ of *quo warranto*. *See Orleans Par. Sch. Bd. v. City of New Orleans*, 20-0043, p. 4 (La. App. 4 Cir. 6/3/20), 364 So. 3d 252, 258 n. 2.[1] Summary proceedings are meant to be "conducted with rapidity", and delaying the hearing of a *quo warranto* proceeding contradicts the purpose and intent of summary proceedings.

Accordingly, we grant the Relators' writ, vacate the September 4, 2024 continuance, and remand the matter to the district court to set and conduct a hearing in this matter within ten days of the date of this ruling.

**WRIT GRANTED**

---

[1] It should be noted that the Supreme Court of Louisiana granted relator's writ, in part, vacating the issuance of preliminary injunctions enjoining the City of New Orleans from withholding a collection fee from the proceeds of sales and use taxes and ad valorem taxes collected for the Orleans Parish School Board, and remanded to the trial court for further proceedings. The court's order did not affect, nor did it address, this Court's writ disposition as it pertains to ordering the trial court to set a hearing date within the ten day guideline outlined in La. C.C.P. art. 3782. *Orleans Parish School Board v. The City of New Orleans*, et al, 19-C-0794 (La. App. 4th Cir. 9/16/19)(unpub.).